UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Dante Baker | \* |
| | \* |
| v. | \*   **No. 04-CV-355 M** |
| | \* |
| Cesar Rivas, individually | \* |
| Carl Brown, individually | \* |
| David Gotthardt, individually | \* |
| James O'Mara, Jr., as Superintendent of | \* |
| the Hillsborough County D.O.C., | \* |
| Theresa Pendleton, individually | \* |
| William Raymond, individually | \* |
| Gerald Uber, individually | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' LOCAL RULE 16.2 FINAL PRE-TRIAL STATEMENT AND BRIEF STATEMENT OF THE CASE

NOW COME the above-named defendants, by and through their co-counsel, Getman, Stacey, Schulthess & Steere, P.A. and submit the following Final Pre-trial Statement and Brief Statement of the Case in accordance with Local Rule 16.2.

### 1.  BRIEF STATEMENT OF THE CASE:

Plaintiff, Dante baker, a former pretrial detainee at the Hillsborough County Department of Corrections, filed this suit, sounding in 42 USC § 1983, alleging various violations of his Fourteenth Amendment due process rights.  Specifically, Plaintiff claims Corrections Officer Cesar Rivas fabricated that he was being attacked or taken hostage by a number of inmates, one of whom was Plaintiff.  He further claims that the false accusation by Officer Rivas lead to Plaintiff being beaten while transported to a more restricted housing unit in the jail [Unit 2B] where he was subjected to inhumane treatment relating to water restrictions, limited out of cell time and restricted access to provisions.

Plaintiff also asserts that the disciplinary proceedings that resulted in him being found guilty of the hostage-taking situation were constitutionally deficient.  Finally, Plaintiff alleges that the classification procedures utilized by HCDOC were insufficient in that he was initially improperly classified as a higher risk than he deserved and that the system later failed to reveal that he was being punished on Unit 2B despite being actually innocent of the infractions of which he was accused and subsequently found guilty.

As a result of the above, Plaintiff raises the following counts in his Complaint, all relating to the Due Process Clause of the Fourteenth Amendment:

1. False Accusation against Rivas

2. Excessive force against Brown, Uber and Gotthardt

3. Unconstitutional disciplinary proceedings against Pendleton

4. Unconstitutional conditions of confinement against O'Mara

5. Failure to conduct adequate classification review against Raymond

**2.A  UNCONTESTED FACTS**:

Plaintiff was a pretrial detainee at the Hillsborough County Department of Corrections on July 14, 2002.  On that date, Plaintiff was housed on Unit 2D of the jail where Officer Cesar Rivas was the sole housing unit officer.

Officer Rivas asserted that Plaintiff acted with other inmates in a threatening manner towards the officer.  As a result, Officer Rivas called a "10-33," which is a radio call for officer assistance.  When the other officers arrived, Officer Rivas identified Plaintiff as one of his assailants, which resulted in Plaintiff being relocated to Unit 2B of the jail.  On Unit 2B, Plaintiff had restricted use of water, less out-of-cell time than when he was in Unit 2D, and had restricted

access to personal items and legal material, which were stored in a personal property box outside of the cell.

On July 19, 2002, Officer Rivas's charges against Plaintiff were brought before a disciplinary hearing, presided over by former disciplinary officer Theresa Pendleton. Plaintiff was ultimately found guilty of the infractions and sentenced to additional time in Unit 2B.

## 2.B  CONTESTED FACTS:

All other facts, as alleged by the plaintiff, are contested.

## 3.  ISSUES OF LAW:

A.   42 U.S.C. § 1983  - Due process under the Fourteenth Amendment; Cruel and Unusual Punishment under the Eighth Amendment

- physical abuse

- unlawful disciplinary process

- unlawful conditions of confinement

- insufficient classification procedures

- *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978)

## 4.   DEFENDANT'S WITNESSES

Fact witnesses Defendant expects to call:

1. All current and former county correctional officers, supervisors and staff referenced in incident, classification, disciplinary, grievance, inmate request, medical and use of force reports/documents and with whom the plaintiff had contact during his incarceration, including but not limited to Cesar Rivas, Carl Brown, David Gotthardt, Theresa Pendleton, William Raymond, Gerald Uber, T. Sawyer, Quinford Robinson, Joseph Talbot, Sydney Barnes, Jason Lopez, John LeBlanc, Ryan Fletcher, Chad Pinciaro;

2. All HCDOC administrators and supervisors who have knowledge of HCDOC policies and procedures including but not limited to Superintendent O'Mara, Chief of Security David Dionne; Lt. James Vacca; and Captain Marc Cusson;

    3.    Any inmates housed on the pods/housing units during the dates alleged, including but not limited to those listed in the plaintiff's pretrial statement, as well as John Grady, Antonio King, Patricio Paladin, Richard West, Nicholas Champagne, David Coulombe, Jason Surprenant, Emilio Rodriguez;

    4.    All HCDOC medical personnel with whom the Plaintiff had contact during his incarceration or who have knowledge of his treatment or care, including but not limited to Nurse Barbara Condon and Nurse Denise Hartley;

    5.    Keepers of Records at all correctional facilities where Plaintiff has been housed;

    6.    The defense reserves the right to amend and supplement these witnesses;

    7.    Any witnesses listed by the Plaintiff.

## 5. WAIVER OF CLAIMS OR DEFENSES

Defendants waive no available claims or defenses.

## 6. LIST OF ALL DEPOSITIONS WHICH MAY BE READ INTO EVIDENCE

None at this time.

## 7. DEFENDANT'S EXHIBITS

A.    Any exhibit listed by plaintiff;

B.    Hillsborough County DOC Rules and Regulations/Procedures;

C.    Hillsborough County DOC inmate handbook;

D.    Plaintiff's inmate file with the Hillsborough County DOC, including classification, disciplinary, grievance, inmate request, medical, and use of force reports/documents;

E.    Diagrams and schematics of housing units/PODs;

F.    Incident reports relative to the plaintiff and witnesses, including incidents alleged;

G.    Disciplinary and appeals documentation regarding the plaintiff;

H.    Plaintiff's criminal history records;

I. Plaintiff's inmate and disciplinary files with any other correctional facility which has incarcerated the plaintiff;

J. Plaintiff's medical records, both from inside and outside the HCDOC;

K. Newspaper and press accounts referencing and/or quoting the plaintiff;

L. Pod Logs of the HCDOC;

M. Video Surveillance of Plaintiff during his incarceration;

N. The defense reserves the right to amend and supplement this exhibit list.

## 8. SPECIALIZED DAMAGES

A. *See* Plaintiff's Complaint and expected Plaintiff's Pretrial Statement.

## 9. STATEMENT OF DEMAND AND OFFER

Demand: None outside of the Complaint

Offer: Defendants have offered, via Rule 68 of the Federal Rules of Civil Procedure, $10,000.

## 10. CLAIMS FOR ATTORNEYS' FEES

Plaintiff has requested in his complaint an award for attorney's fees pursuant to 42 U.S.C. § 1988

## 11. REQUESTS FOR VIEWS

The defense seeks a jury view of the jail and housing units at issue.

## 12. ESTIMATE OF TRIAL LENGTH

Five (5) days, exclusive of jury selection and view.

          Respectfully submitted,

          JAMES O'MARA, JR., CESAR RIVAS, CARL BROWN,
          DAVID GOTTHARDT, THERESA PENDLETON,
          WILLIAM RAYMOND, GERALD UBER,

          By their attorneys,
          GETMAN, STACEY, SCHULTHESS & STEERE, P.A.


Date:   January 3, 2006        By:    /s/ Elizabeth L. Hurley
                                  Elizabeth L. Hurley (Bar #16851)
                                  Three Executive Park Drive, Suite 9
                                  Bedford, NH   03110; (603) 634-4300


## **CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing reply was served on plaintiff's counsel, Michael Sheehan, Esquire on this date and electronically served through ECF and conventionally served to my clients.


                                                        /s/ Elizabeth L. Hurley
                                                  Elizabeth L. Hurley


F:\EHurley\1197\05371 - Baker\PreTrial statement.doc